UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------×

JILL ELIA,

       *Plaintiff,*

    *v.*

GAZIT HORIZONS, INC.,

       *Defendant.*

------------------------------------------------×

**COMPLAINT**

**1:22-cv-9859**

**JURY REQUESTED**

Plaintiff Jill Elia, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant Gazit Horizons, Inc. ("Defendant" or "Gazit") as follows:

**PRELIMINARY STATEMENT**

1. This case is about Gazit's failure to pay wages owed to Plaintiff under the Fair Labor Standards Act, Plaintiff's employment contract, and the New York Labor Law.

2. This case is also about a retaliatory termination after Plaintiff disclosed her protected status as a mother and caregiver under the New York City Human Rights Law.

**JURISDICTION**

3. Pursuant to 28 U.S.C. §1331 this Court has jurisdiction under the federal question doctrine and §1332 as there is complete diversity of parties. Plaintiff's State law claims are brought pursuant to 28 U.S.C. §1367.

**PARTIES**

4. Plaintiff was and is a resident of New York, New York.

5. Defendant Gazit Horizons, Inc. was and is a subsidiary of Gazit Global, which is incorporated under the laws of Israel with a primary United States business location at 1696 NE Miami Gardens Drive, North Miami Beach, Florida 33179.

**JURY DEMAND**

1

6. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

7. Plaintiff Elia was offered employment as a Senior Vice President at Gazit on December 1, 2021.

8. In that offer letter, Gazit states that Elia would receive a bonus of "50% of base salary. Any additional bonus is discretionary based upon Company and employee performance."

9. Gazit had offered Elia, as a term and condition of her employment, a nondiscretionary bonus of 50% of her salary.

10. Elia began working for Gazit on or about January 17, 2022.

11. Elia worked without incident until August 2022.

12. On August 16, 2022 Elia had a conversation with Jeff Mooallem, her supervisor, about a company transition to Miami, Florida.

13. Mooallem offered Elia three choices: end her employment and receive six (6) weeks severance, move to Miami to continue her employment indefinitely, or continue through the end of the year in New York.

14. Elia told Mooallem that she could not move to Miami because she is a mother and could not leave her children.

15. Mooallem then restricted the options to either severance or work through the end of the year.

16. After disclosing her status as a caregiver, Gazit immediately denied ability to work beyond the end of the year.

17. Elia also asked whether her nondiscretionary bonus would be paid out to her.

18. Mooallem did not know whether the bonus would be paid and said he would get back to her on the matter.

19. On August 18, 2022, Elia told Mooallem that she would continue her employment throughout the year and expected to be paid her full compensation.

20. He said there was "no guaranteed bonus for any at will employee."

21. Mooallem said that the bonus is not likely to be there and if it is, it will be greatly reduced from the 50% level.

22. The next day, August 19, 2022, Elia called Mooallem to discuss the issues and Mooallem immediately shut down the conversation, becoming clearly irritated and told Elia that no bonuses would be paid to her.

23. Mooallem then seemed to renege the offer for Elia to continue her employment after she demanded to be paid her owed wages and disclosed her caregiver status, and only continued to push her to sign a separation agreement, but set up another call for September 2, 2022.

24. On September 2, 2022, Mooallem had another call with Elia, this time with Gazit general counsel Lisa Freifeld on the call, and notified her officially of her termination, saying that Gazit would send over separation paperwork.

25. Two weeks later, on September 16, 2022, Mooallem again called Elia, and was, again, clearly irritated with her saying that he was upset she had not signed the agreement and that it was very generous.

26. By the end of the call, Mooallem had worked himself up so much that he terminated Elia on the call "effective immediately" seemingly because she had not signed a separation agreement which would forfeit her agreed upon, nondiscretionary bonus.

27. On August 16, 2022, alongside the notice of Gazit moving to Miami and prior to Elia saying that she was entitled to her nondiscretionary bonus, Mooallem had told Elia that it was a shame the company was shifting to Miami because Mooallem would not continue his employment and he felt that he and Elia were "really gelling."

4

28. Nothing changed between that conversation on August 16, 2022 and Elia's termination except that Elia disclosed her status as a caregiver and demanded she be paid all the wages owed to her.

29. After her termination, Mooallem continued to retaliate against Elia by sending out a letter containing false statements to employment recruiters to defame her and ruin her opportunities to gain subsequent employment.

## CAUSES OF ACTION

## FIRST CLAIM

### Wage Theft under the Fair Labor Standards Act

30. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

31. Under the Fair Labor Standards Act, it is illegal for an employer not to pay an employee owed wages.

32. Defendant was and is an employer under the Fair Labor Standards Act.

33. Plaintiff was promised wages in the form of a nondiscretionary bonus.

34. Nondiscretionary bonuses are wages, and, thus, covered under the Fair Labor Standards Act as such.

35. Plaintiff was not paid wages owed to her.

36. As such, Defendant has violated the Fair Labor Standards Act by not paying Plaintiff her wages owed and must now remedy Plaintiff by giving her damages, costs, fees, expenses, and any other remedy the Court deems reasonable.

## SECOND CLAIM

### Retaliation under the FLSA

37. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

38. Under the Fair Labor Standards Act, it is illegal for an employer not to pay an employee owed wages.

39. It is also illegal for an employer to terminate an employee because they complain about not being paid wages owed to them.

40. Defendant was and is an employer under the Fair Labor Standards Act.

41. Plaintiff was promised wages in the form of a nondiscretionary bonus.

42. Nondiscretionary bonuses are wages, and, thus, covered under the Fair Labor Standards Act as such.

43. Plaintiff was not paid wages owed to her.

44. Plaintiff complained about not being paid her wages.

45. Plaintiff was terminated almost immediately after complaining about not being paid her wages even after Defendant had told her that she could continue her employment.

46. As such, Defendant has violated the Fair Labor Standards Act by retaliating against Plaintiff for complaining about not being paid her wages owed and must now remedy Plaintiff by giving her damages, costs, fees, expenses, and any other remedy the Court deems reasonable.

## THIRD CLAIM

### Wage Theft under the New York Labor Law

47. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

48. Under the New York Labor Law, it is illegal for an employer not to pay an employee owed wages.

49. Defendant was and is an employer under the New York Labor Law.

50. Plaintiff was promised wages in the form of a nondiscretionary bonus.

51. Nondiscretionary bonuses are wages, and, thus, covered under the New York Labor Law as such.

52. Plaintiff was not paid wages owed to her.

53. As such, Defendant has violated the New York Labor Law by not paying Plaintiff her wages owed and must now remedy Plaintiff by giving her damages, costs, fees,

6

expenses, and any other remedy the Court deems reasonable.

## FOURTH CLAIM

### Retaliation under the New York Labor Law

54. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

55. Under the New York Labor Law, it is illegal for an employer not to pay an employee owed wages.

56. It is also illegal for an employer to terminate an employee because they complain about not being paid wages owed to them.

57. Defendant was and is an employer under the New York Labor Law.

58. Plaintiff was promised wages in the form of a nondiscretionary bonus.

59. Nondiscretionary bonuses are wages, and, thus, covered under the New York Labor Law as such.

60. Plaintiff was not paid wages owed to her.

61. Plaintiff complained about not being paid her wages.

62. Plaintiff was terminated almost immediately after complaining about not being paid her wages even after Defendant had told her that she could continue her employment.

63. As such, Defendant has violated the New York Labor Law by retaliating against Plaintiff for complaining about not being paid her wages owed and must now remedy Plaintiff by giving her damages, costs, fees, expenses, and any other remedy the Court deems reasonable.

## FIFTH CLAIM

### Breach of Contract

64. Plaintiff hereby realleges and incorporates each and every allegation contained

in paragraphs 1 through 29 with the same force as though separately alleged herein.

65. Plaintiff had a contract for employment with Defendant.

66. That contract specified that Plaintiff would be paid "50% of base salary. Any additional bonus is discretionary based upon Company and employee performance."

67. Plaintiff was not paid her 50% of her base salary.

68. Defendant breached its contract with Plaintiff.

69. Plaintiff is entitled to actual damages, costs, expenses, and any other remedy the Court deems proper.

## SIXTH CLAIM

### Retaliation in Violation of the New York City Human Rights Law

70. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

71. Under the New York City Human Rights Law, it is illegal for an employer to terminate an employee because they disclose their protected status as a caregiver.

72. Caregivers include people who care for minor children.

73. Plaintiff was a mother who had to act as a caregiver caring for her minor children.

74. Plaintiff was terminated almost immediately after disclosing her status as a caregiver for minor children.

75. After disclosing her caregiver status, Plaintiff was told her employment would certainly end no later than December 31, 2022.

76. As such, Defendant has violated the New York City Human Rights Law by retaliating against Plaintiff for being a caregiver and must now remedy Plaintiff by giving her damages, costs, fees, expenses, and any other remedy the Court deems reasonable.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

D. For the four cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

E. For the fifth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

F. For the sixth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

G. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
November 18, 2022

                **THE HARMAN FIRM, LLP**

By: _____
Walker G. Harman, Jr.
1270 Sixth Ave.
Suite 756
New York, NY 10020
(646) 248-2288
wharman@theharmanfirm.com
*Attorney for Plaintiff*