Meredith Cavallaro
Noah H. Bunzl
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
Attorneys for Defendant Gazit Horizons, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JILL ELIA,

                 :

           Plaintiff,

                 :     1:22-cv-09859-JPO

     v.

                 :     Oral Argument Requested

GAZIT HORIZONS, INC.,

                 :

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT


PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100

Attorneys for Defendant Gazit Horizons, Inc.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................iii

PRELIMINARY STATEMENT ........................................................................ 1

FACTS AS ALLEGED ................................................................................ 4

ARGUMENT ........................................................................................... 5

    I.    Legal Standards for Motion to Dismiss under Rule 12(b)(6)................... 5

    II.    The Claims Must be Dismissed Pursuant to Rule 12(b)(6) ..................... 6

        A. Plaintiff's FLSA Claims are Frivolous ............................................. 6

        B. Plaintiff's Breach of Contract Claim Fails as a Matter of Law............. 8

            1. The Offer Letter is Not a Contract ...................................... 9

            2. Plaintiff's Allegations of Breach are Conclusory.................... 9

            3. Gazit was Permitted to Alter Plaintiff's Compensation
               Terms ......................................................................... 11

        C. Plaintiff Has No Viable NYLL Claims as a Matter of
          Well-Established Law ................................................................. 12

            1. The Wage Claim Cannot Survive Independent of the
              Breach of Contract Claim .................................................. 13

            2. Plaintiff's NYLL Wage Claim is Deficient as a Matter
              of Law ........................................................................ 13

               a) Section 193 is Inapplicable Because there is No
                  Improper Deduction .................................................. 15

               b) Plaintiff is Not Entitled to Relief under § 191 Because
                  She is an Executive................................................... 16

            3. Plaintiff's NYLL Retaliation Claim is Deficient as a Matter
              of Law ........................................................................ 17

D. Plaintiff Has No Viable NYCHRL Retaliation Claim ........................... 19

    1. Plaintiff Does Not Allege Protected Activity ....................... 19

    2. There is No Causal Connection Between the Protected
Activity and the Retaliatory Conduct................................. 20

CONCLUSION............................................................................................. 21

## TABLE OF AUTHORITIES

Cases                                                                    Page(s)

Arakelian v. Omnicare, Inc.,
735 F. Supp. 2d 22 (S.D.N.Y. 2010) (Crotty, J.) ...................................... 11-12

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ................................................................... 5, 6

Ayres v. Shiver,
No. 21-cv-473 (ERK) (PK), 2021 U.S. Dist. LEXIS 148029
(E.D.N.Y. Aug. 6, 2021) ...................................................... 3, 14, 17

Barker v. Time Warner Cable, Inc.,
24 Misc. 3d 1213(A) (N.Y. Sup. Ct. July 1, 2009),
aff'd, 83 A.D.3d 750 (2d Dep't 2011) ........................................... 9

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ................................................................. 5, 6

Berman v. Sugo,
580 F. Supp. 2d 191 (S.D.N.Y. 2008) (Patterson, J.) ...................................... 10

Berzin v. W.P. Carey & Co.,
293 A.D.2d 320 (1st Dep't 2002) ................................................... 12

Beverly v. New York City Health & Hosps. Corp.,
No. 18 Civ. 8486, 2022 U.S. Dist. LEXIS 52827
(S.D.N.Y. Mar. 23, 2022) (Ramos, J.) ........................................... 20

Bronx Conservatory of Music, Inc. v. Kwoka,
No. 21 Civ. 1732 (AT) (BCM), 2022 U.S. Dist. LEXIS 161623
(S.D.N.Y. Sep. 7, 2022) (Torres, J.) .............................................. 7

Buchanan v. City of New York,
556 F. Supp. 3d 346 (S.D.N.Y. 2021) (Stein, J.) ........................................... 20

Chen v. Antel Communs., LLC,
No. 140-CV-06628 (SJF), 2015 U.S. Dist. LEXIS 134861
(E.D.N.Y. Sep. 30, 2015) **...................................................................**14, 17

Cohen v. Avanade, Inc.,
874 F. Supp. 2d 315 (S.D.N.Y. 2012) (Furman, J.) ....................................... 10

<u>Cruz v. Coach Stores, Inc.</u>,
202 F. 3d 560 (2d Cir. 2000) ..................................................................... 20

<u>Epifani v. Johnson</u>,
65 A.D.3d 224 (2d Dep't 2009) ............................................................. 17, 18

<u>EQT Infrastructure Ltd. v. Smith</u>,
861 F. Supp. 2d 220 (S.D.N.Y. 2012) .......................................................... 4n

<u>Forrest v. Jewish Guild for the Blind</u>,
3 N.Y.3d 295 (N.Y. 2004) ......................................................................... 19

<u>Franklin v. Waters</u>,
No. 15 Civ. 9819 (AKH), 2020 U.S. Dist. LEXIS 500
(S.D.N.Y. Jan 2, 2020) (Hellerstein, J.) .......................................................... 17

<u>Gen. Elec. Technical Servs. Co. v. Clinton</u>,
173 A.D.2d 86 (3d Dep't 1991) .................................................................... 11

<u>Gold v. Am. Med. Alert Corp.</u>,
No. 14 Civ. 5485 (JFK), 2015 U.S. Dist. LEXIS 108122
(S.D.N.Y. Aug. 17, 2015) (Keenan, J.) ..................................................... 14, 15

<u>Goldberg v. Jacquet</u>,
667 Fed. Appx. 313 (2d Cir. 2016) .......................................................... 14, 15

<u>Hallett v. Stuart Dean Co.</u>,
481 F. Supp. 3d 294 (S.D.N.Y. 2020) (Rakoff, J.).................................... 11, 18

<u>Harbor Distrib. Corp. v. GTE Operations Support Inc.</u>,
176 F. Supp. 3d 204 (E.D.N.Y. 2016).......................................................... 10

<u>Harris v. Mills</u>,
572 F.3d 66 (2d Cir. 2009) ......................................................................... 6

<u>Jensen v. AR Global Invs., LLC</u>,
No. 19-CV-657 (RA), 2020 U.S. Dist LEXIS 49255
(S.D.N.Y. Mar. 20, 2020) (Abrams, J.).......................................................... 14

<u>Karmilowicz v. Hartford Fin. Svc. Grp.</u>,
494 F. App'x 153 (2d Cir. 2012).................................................................. 13

Khurana v. Waheed Invest, LLC,
No. 18-CV-233 (LAK) (BCM), 2019 U.S. Dist. LEXIS 31554
(S.D.N.Y. Feb. 26, 2019) (Moses, J.)
adopted 2020 U.S. Dist. LEXIS 14296 (S.D.N.Y. Jan. 2020)
(Kaplan, J.) ....................................................................................... 10-11

Komlossy v. Faruqi & Faruqi, LLP,
No. 15 Civ. 9316 (KPF), 2017 U.S. Dist. LEXIS 25490
(S.D.N.Y. 2017) (Failla, J.) ............................................................... 16

Kronick v. L.P. Thebault Co., Inc.,
892 N.Y.S.2d 895 (2d Dep't 2010) .................................................. 11

Levion v. Société Générale,
822 F. Supp. 2d 390 (S.D.N.Y. 2011) .............................................. 10

Mack v. Transport Workers Union of Amer.,
No. 00 Civ. 9231 (JSR), 2002 U.S. Dist. LEXIS 5627
(S.D.N.Y. Mar. 29, 2002) (Rakoff, J.) .............................................. 18

McCormick v. Phinizy,
No. 18-CV-916-ENV-SJB, 2020 U.S. LEXIS 267335
(E.D.N.Y. Aug. 17, 2020) ............................................................... 7, 8

Melman v. Montefiore Med. Ctr.,
 98 A.D.3d 107 (1st Dep't 2012) ...................................................... 19

Mokrov v. Aeroflot Russian Airlines,
No. 20 Civ. 588 (GBD), 2021 U.S. Dist. LEXIS 112066
(S.D.N.Y. June 15, 2021) (Daniels, J.) ............................................. 8

Monagle v. Scholastic, Inc.,
No. 06-Civ-14342 (GEL), 2007 U.S. Dist. LEXIS 19788
(S.D.N.Y. Mar. 9, 2007) (Lynch, J.) ................................................. 16

Monroe v. J.H.O.C., Inc.,
No. 3:18-CV-00299 (KAD), 2019 U.S. Dist. LEXIS 104959
(D. Conn. June 24, 2019) .................................................................. 8

Moore v. Thompson Reuters (GRC) Inc.,
No. 17 Civ. 0211 (LGS), 2017 U.S. Dist. LEXIS 149401
(S.D.N.Y. Sep. 13, 2017) (Schofield, J.) .......................................... 9

Mullins v. City of New York,
626 F.3d 47 (2d Cir. 2010) ............................................................. 8

Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,
723 F.3d 192 (2d Cir. 2013) ............................................................ 6

Nicholls v. Brookdale Univ. Hosp. Med. Ctr.,
No. 03-CV-6233 (JBW), 2004 U.S. Dist. LEXIS 12816
(E.D.N.Y. July 9, 2004) ................................................................. 18

O'Grady v BlueCrest Capital Mgt. LLP,
111 F. Supp. 3d 494 (S.D.N.Y. 2015) (Stein, J.),
aff'd 646 F. App'x 2 (2d Cir. 2016) ................................................ 16

O'Grady v. BlueCrest Capital Mgmt. LLP,
646 F. App'x 2 (2d Cir. 2016) ........................................................ 13

Pachter v. Bernard Hodes Group, Inc.,
10 N.Y.3d 609 (N.Y. 2008) ...................................................... 13, 16

Perella Weinberg Partners LLC v. Kramer,
153 A.D.3d 443 (1st Dep't 2017) ................................................... 15

Rogers v. City of Troy,
148 F.3d 52 (2d Cir. 1998) .............................................................. 7

Shetty v. SG Blocks, Inc.,
No. 20-cv-00550-ARR-SMG, 2020 U.S. Dist. LEXIS 104241
(E.D.N.Y. June 15, 2020) ................................................................ 7

Simas v. Merrill Corp.,
No. 02-CV-4400 (RCC), 2004 U.S. Dist. LEXIS 1415
(S.D.N.Y. Feb. 4, 2004) (Duffy, J.) ................................................ 13

Sklair v. Mike Bloomberg 2020, Inc.,
No. 1:20-CV-2495-LTS-GWG, 2022 U.S. Dist. LEXIS 54396
(S.D.N.Y. Mar. 25, 2022) .............................................................. 4n

Stec v. Passport Brands, Inc.,
No. 152069/2014, 2018 N.Y. Misc. LEXIS 3620
(N.Y. Sup. Ct. Aug. 22, 2018) ....................................................... 15

Swierkiewicz v. Sorema, N.A.,
534 U.S. 506 (2002) ....................................................................... 6

Twomey v. Quad/Graphics, Inc.,
No. 13 Civ. 1109, 2015 U.S. Dist. LEXIS 130429
(S.D.N.Y. Sept. 28, 2015) (Abrams, J.)............................................................ 9

Vega v. Hempstead Union Free Sch. Dist.,
801 F.3d 72 (2d Cir. 2015) .................................................................... 19-20

Zaitsev v. Salomon Bros.,
60 F.3d 1001 (2d Cir. 1995) ....................................................................... 13

Zuckerman v. GW Acquisition LLC,
No. 20-CV-8742 (VEC), 2021 U.S. Dist. LEXIS 178873
(S.D.N.Y. Sep. 19, 2021) (Caproni, J.).......................................................... 16

Statutes

NYLL § 190(7) ........................................................................................ 16

NYLL § 191 ............................................................................................ 16

Gazit Horizons, Inc. ("Gazit" or "Defendant") submits this memorandum of law in support of its motion ("the Motion") to dismiss the Complaint dated November 18, 2022 (ECF No. 1) (the "Complaint" or "Compl.") filed by Jill Elia (also known as "Jill Elia Forster") ("Elia" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").[1]

## PRELIMINARY STATEMENT

Plaintiff's Complaint does not state any viable causes of action and should be dismissed in full.  In sum and substance, Plaintiff alleges that she was hired by Gazit in January 2022 and received an offer letter identifying her base salary and providing for a bonus of 50% of base salary.  Plaintiff alleges that in August 2022, Gazit told her that she was going to be terminated or could elect to relocate to Gazit's Miami offices or work through the end of 2022 in New York City and confirmed that if she did so, she would not be eligible for a bonus.  Plaintiff alleges that she rejected the purported offer to move to Miami and declined to finish out the year in New York City.  Plaintiff alleges that her termination was effective on September 16, 2022.

Now, Plaintiff asserts that her offer letter should be construed as a binding contract promising her a non-discretionary annual bonus and that she somehow earned that bonus despite the undisputed fact that she was terminated less than eight months into the year.  Plaintiff then attempts to fashion labor law

---

[1] Submitted herewith in support of the Motion is the Declaration of Noah H. Bunzl, Esq. ("Bunzl Dec."), dated January 25, 2023.

claims based on the same set of facts.  As set forth below, Plaintiff has failed to plead cognizable legal claims, and the Complaint should be dismissed.

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") are frivolous.  It is black letter law that the scope of the FLSA is limited to minimum wage and overtime protections.  Because Plaintiff clearly has no minimum wage or overtime claims, it is axiomatic that Plaintiff has no viable FLSA claims for failure to pay the bonus or retaliation.

Plaintiff fails to state a cause of action for breach of contract.  First, the offer letter is not a contract; in fact, it clearly defines itself as not "intended to create an employment contract[.]"  Second, Plaintiff has failed to allege a breach because she fails to allege with specificity how Gazit breached any specific term of the agreement by failing to pay Plaintiff an annual bonus at the time of her termination in September 2022.  Third, it is settled law that employers may change the compensation terms for at-will employees at any time, subject to employees' ability to exit.  The Complaint attempts to assert a contractual obligation to a non-discretionary annual bonus (despite the absence of any contract) but concedes that she only worked for less than eight months, so even if she had a contracted right to a non-discretionary bonus, she concedes she never earned it.

Plaintiff has no viable claims under the New York Labor Law ("NYLL").  As an initial matter, the NYLL bonus claim must be dismissed because it is premised on the defective breach of contract claim.  Moreover, even if the breach of contract claim survived, it is settled law that a "run-of-the-mill breach of contract dispute"

2

(like this one) does not give rise to a cause of action under the NYLL.  See Ayres v. Shiver, No. 21-cv-473 (ERK) (PK), 2021 U.S. Dist. LEXIS 148029, at *2-4 (E.D.N.Y. Aug. 6, 2021) ("Like the FLSA, [ ] the NYLL is targeted at specific practices and provides no general cause of action for unpaid wages.").  There is no NYLL provision that provides relief here.  NYLL § 191, which governs the non-payment of wages, does not apply to "executives" like "Senior Vice President" Jill Elia.  Compl. ¶ 7. Furthermore, NYLL § 193 governs deductions — not the non-payment of an annual bonus, as alleged here.  Finally, Plaintiff cannot establish NYLL retaliation because Plaintiff has no substantive NYLL claims and has not identified any protected complaint premised on any NYLL violation.

Finally, Plaintiff does not state a retaliation claim under the New York City Human Rights Law ("NYCHRL").  Plaintiff claims that she informed Gazit of her "status as a caregiver" (Compl. ¶ 74) prior to her termination, and that she was terminated following this disclosure.  However, Plaintiff fails to allege any protected activity, because the disclosure of her status as a caregiver does not constitute opposition to unlawful discrimination.  Moreover, Plaintiff cannot establish causation because the Complaint asserts that Gazit informed her that she would be terminated or allegedly could relocate to Miami before Plaintiff's alleged disclosure of her caregiver status.  Accordingly, the Complaint should be dismissed in full.

## FACTS AS ALLEGED[2]

Plaintiff contends that she was offered the position of "Senior Vice President" at Gazit on December 1, 2021 and that she began working at Gazit on or about January 17, 2022.  Compl. ¶¶ 7, 10.  Plaintiff's bonus claims are premised on an "offer letter" (the "Offer Letter") which, according to Plaintiff, stated that "Elia would receive a bonus of '50% of base salary.'"  Id. at ¶ 8.  Plaintiff omits numerous relevant provisions of the Offer Letter, which has been incorporated by reference into the Complaint.[3]

On August 16, 2022, Plaintiff contends that she spoke with her supervisor, Jeff Mooallem, "about a company transition to Miami, Florida."  Id. at ¶ 12.  Plaintiff contends that "Mooallem offered Elia three choices:  end her employment and receive six (6) weeks severance, move to Miami to continue her employment indefinitely, or continue through the end of the year in New York."  Id.

---

[2] Gazit assumes the facts alleged in the Complaint to be true solely for purposes of this Motion.

[3] The Complaint refers to, and quotes from, the Offer Letter.  Compl. ¶ 8. Accordingly, the Complaint has incorporated the Offer Letter by reference, and the Court is permitted to take notice of the remaining provisions of the Offer Letter.  See Sklair v. Mike Bloomberg 2020, Inc., No. 1:20-CV-2495-LTS-GWG, 2022 U.S. Dist. LEXIS 54396, at *8 (S.D.N.Y. Mar. 25, 2022) (finding court "may consider" offer letters on motion to dismiss; "[t]he offer letters are incorporated by reference into the First Amended Complaint because Plaintiffs' allegations refer explicitly to the employment agreements [ ] and quote directly from the offer letters' provision[s]"); EQT Infrastructure Ltd. v. Smith, 861 F. Supp. 2d 220, 224, n.2 (S.D.N.Y. 2012) (finding Court could consider letter of intent because complaint "refer[red] to and quote[d] from the [l]etter of [i]ntent, thus incorporating it").  A true and correct copy of the executed Offer Letter, dated December 2, 2021, is attached to the Bunzl Dec. as Exhibit A.

at ¶ 13.  In response, Plaintiff allegedly "told Mooallem that she could not move to Miami because she is a mother and could not leave her children."  Id. at ¶ 14. Thereafter, she alleges that "Mooallem [ ] restricted the options to either severance or work through the end of the year."  Id. at ¶ 15.  The Complaint alleges that Gazit made the decision to materially alter the terms of Plaintiff's employment prior to Plaintiff's disclosure of her status as a caregiver.  See id. at ¶¶ 13-16.

As part of these conversations, Plaintiff contends that she "asked whether her nondiscretionary bonus would be paid out to her" and told Mooallem "that she would continue her employment throughout the year and expected to be paid her full compensation."  Id. at ¶¶ 17-19.  In response, Mooallem said that there was "no guaranteed bonus" and later communicated that "no bonuses would be paid" to Elia.  Id. at ¶¶ 20-22.  Plaintiff further alleges that on September 16, 2022, Mooallem terminated Elia "effective immediately."  Id. at ¶¶ 25-26.   On the basis of these allegations, Plaintiff asserts claims for (i) FLSA Wage Theft; (ii) FLSA Retaliation; (iii) NYLL Wage Theft; (iv) NYLL Retaliation; (v) Breach of Contract; and (vi) NYCHRL Retaliation.  See id. at ¶¶ 30-76.

## ARGUMENT

### I.    Legal Standards for Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, but the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action[.]" See Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 663); see also Twombly, 550 U.S. at 555 (a plaintiff must provide "more than labels and conclusions" to show entitlement to relief). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A court should dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002) (citations omitted).

## II.   The Claims Must be Dismissed Pursuant to Rule 12(b)(6)

### A.   Plaintiff's FLSA Claims are Frivolous

Plaintiff asserts FLSA "wage theft" claims without referencing any statutory provisions of the FLSA. Compl. ¶¶ 30-36. Plaintiff's claim is entirely frivolous as no such claim exists. "The FLSA statute requires payment of minimum wages and overtime wages only" and "is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d

Cir. 2013); see Rogers v. City of Troy, 148 F.3d 52, 57 (2d Cir. 1998) ("the existence of the FLSA does not convert every suit involving the breach of any employment contract into a federal case.").  As Plaintiff's Offer Letter confirms, Plaintiff was an exempt employee who earned $310,000 annually — many multiples of the minimum wage.

It is settled law that the FLSA does not provide a claim for unpaid wages absent minimum wage or overtime violations.   See, e.g., Bronx Conservatory of Music, Inc. v. Kwoka, No. 21 Civ. 1732 (AT) (BCM), 2022 U.S. Dist. LEXIS 161623, at *6 (S.D.N.Y. Sep. 7, 2022) (Torres, J.) (dismissing "claim for unpaid wages" premised on "promised bonus. . . . [c]laims for the non-payment of wages that are not based on unpaid overtime or minimum wage violations do not arise under the FLSA; rather, they arise, if at all, under the NYLL."); Shetty v. SG Blocks, Inc., No. 20-cv-00550-ARR-SMG, 2020 U.S. Dist. LEXIS 104241, at *15 (E.D.N.Y. June 15, 2020) ("Shetty does not identify any relevant provision of the FLSA he seeks to recover under. . . nor could he, because the FLSA does not apply to Shetty's claim that he was not compensated in salary and bonuses far exceeding minimum wage."); McCormick v. Phinizy, No. 18-CV-916-ENV-SJB, 2020 U.S. LEXIS 267335, at *14 (E.D.N.Y. Aug. 17, 2020) ("as alleged, McCormick's complaint merely states her employer failed to pay her a salary pursuant to their agreement, not a FLSA claim."). As Plaintiff does not plead a claim for minimum wage or overtime violations, Plaintiff's FLSA claim should be dismissed.

A plaintiff "alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing," inter alia, "participation in protected activity known to the defendant, like the filing of a FLSA lawsuit[.]" <u>Mullins v. City of New York</u>, 626 F.3d 47, 53 (2d Cir. 2010).  A qualifying protected complaint "must allege that the employer engaged in an FLSA violation (i.e., nonpayment of minimum wages and overtime wages.)." <u>Mokrov v. Aeroflot Russian Airlines</u>, No. 20 Civ. 588 (GBD), 2021 U.S. Dist. LEXIS 112066, at *10 (S.D.N.Y. June 15, 2021) (Daniels, J.). There is no FLSA retaliation claim, where, as here, there is no substantive FLSA claim. <u>See</u> <u>McCormick</u>, 2020 U.S. LEXIS 267335, at *11 ("where no FLSA minimum wage claim exists, no FLSA retaliation claim could either"); <u>Monroe v. J.H.O.C., Inc.</u>, No. 3:18-CV-00299 (KAD), 2019 U.S. Dist. LEXIS 104959, at *7 (D. Conn. June 24, 2019) ("Complaints lodged on matters not governed by the FLSA, including contractual disputes, cannot be the basis of a retaliation claim thereunder.").

**B.    Plaintiff's Breach of Contract Claim Fails as a Matter of Law**

Plaintiff has failed to plead a breach of contract claim.  First, the Offer Letter is not a contract, as set forth in the Offer Letter's explicit text.  Second, the breach of contract allegations are conclusory, as Plaintiff has failed to allege with specificity how Gazit breached the contract by not paying Plaintiff an annual bonus when she worked a partial year.  Third, Plaintiff is an at-will employee, and Gazit is permitted to change the terms of her employment, subject to Plaintiff's ability to leave her employment.  Here, the Complaint makes clear that no bonus was due and owing as of the time of her departure.

8

1.   The Offer Letter is Not a Contract

Plaintiff cannot state a claim for breach of contract because the Offer Letter is not a contract.  The Offer Letter states that "[n]othing contained in this letter is intended to create an employment contract and you acknowledge that upon accepting this offer, you will be employed at-will."  See Ex. A.  Under well-established law, this language precludes a claim for breach of contract.  See Moore v. Thompson Reuters (GRC) Inc., No. 17 Civ. 0211 (LGS), 2017 U.S. Dist. LEXIS 149401, at *7 (S.D.N.Y. Sep. 13, 2017) (Schofield, J.) ("the contract claim fails because, by its express terms, the Offer Letter is not a binding and enforceable contract.  The Offer Letter includes . . . disclaimers stating that 'nothing in this offer letter should be construed as creating a contract of employment'"); Twomey v. Quad/Graphics, Inc., No. 13 Civ. 1109, 2015 U.S. Dist. LEXIS 130429, at *32-34 (S.D.N.Y. Sept. 28, 2015) (Abrams, J.) (no reasonable juror could find that the offer letter constituted an enforceable contract where it included a disclaimer stating "do not construe this offer as an employment contract"); Barker v. Time Warner Cable, Inc., 24 Misc. 3d 1213(A), at *4 (N.Y. Sup. Ct. July 1, 2009) (rejecting argument that offer letter constituted a binding agreement where it "plainly stated" that it was "not a contract of employment or a guarantee of employment or compensation"), aff'd, 83 A.D.3d 750 (2d Dep't 2011).

2.   Plaintiff's Allegations of Breach are Conclusory

Plaintiff's breach allegations are conclusory because Plaintiff does not allege with specificity how Gazit breached the contract by not paying Plaintiff the

bonus at the time of her termination in September 2022, prior to the completion of her first year of employment.  See Berman v. Sugo, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (Patterson, J.) ("[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract."); Harbor Distrib. Corp. v. GTE Operations Support Inc., 176 F. Supp. 3d 204, 215 (E.D.N.Y. 2016) (dismissing breach of contract claim for including only conclusory allegations of breach and collecting cases).

Plaintiff has failed to allege with specificity that she has met the necessary conditions to receive the bonus.  See Cohen v. Avanade, Inc., 874 F. Supp. 2d 315, 321 (S.D.N.Y. 2012) (Furman, J.) ("Where a plaintiff alleges entitlement to a bonus under a contract, the claim fails as a matter of law if the plaintiff fails to allege that he or she met the conditions required to receive the bonus") (dismissing bonus claims where Plaintiff failed to reach specified sales goals); accord Levion v. Société Générale, 822 F. Supp. 2d 390, 401 (S.D.N.Y. 2011) (dismissing plaintiff's claim because the plaintiff did not allege that he had met the conditions to receive a bonus).

On similar facts, the court granted the employer's motion to dismiss in Khurana v. Waheed Invest, LLC, finding that "plaintiff [ ] has failed to plead facts which . . . would show that the Company actually breached. . . . [n]owhere in his complaint. . . does plaintiff allege that [the] payment[s] became due before" plaintiff "resigned his employment."  No. 18-CV-233 (LAK) (BCM), 2019 U.S. Dist. LEXIS 31554, at *28-29 (S.D.N.Y. Feb. 26, 2019) (Moses, J.) adopted 2020 U.S. Dist.

10

LEXIS 14296 (S.D.N.Y. Jan. 2020) (Kaplan, J.); <u>see id.</u> at *29 ("Since the purpose of the bonus was to 'incent [plaintiff] to remain with the Company,' plaintiff could hardly expect to receive it if he left defendants' employ before the date on which they were required to pay it.") (citations omitted)).  In contrast, <u>see</u> <u>Hallett v. Stuart Dean Co.</u>, in which the court found that plaintiff "has plausibly alleged that . . . the parties agreed in advance that his entitlement to such a bonus accrued at the end of 2019" prior to his termination in March 2020.  481 F. Supp. 3d 294, 304-05 (S.D.N.Y. 2020) (Rakoff, J.).

3.      <u>Gazit was Permitted to Alter Plaintiff's Compensation Terms</u>

Plaintiff's breach of contract claim also fails because Plaintiff was notified of changes to her compensation terms.  "Case law dictates that when parties have an employment contract terminable at will, the contract can be modified and different compensation rates fixed without approval of the other party since the dissatisfied party has a right to leave his employment."  <u>Gen. Elec. Technical Servs. Co. v. Clinton</u>, 173 A.D.2d 86, 88 (3d Dep't 1991) (citations omitted).   "By remaining in the defendant's employ under the new compensation terms, the plaintiff is deemed to have accepted them, regardless of her failure to sign the notice advising her of the new terms."  <u>Kronick v. L.P. Thebault Co., Inc.</u>, 892 N.Y.S.2d 895, 895-96 (2d Dep't 2010) ("since the plaintiff . . . was an at-will employee. . . it is clear that the defendant had a right to unilaterally alter the plaintiff's draw against commissions prospectively, subject to the plaintiff's right to leave the employment if she found the new terms unacceptable.") (citations omitted); accord <u>Arakelian v.</u>

11

Omnicare, Inc., 735 F. Supp. 2d 22, 32-33 (S.D.N.Y. 2010) (Crotty, J.) ("If an employer changes the terms of its employee's at-will employment contract 'and the employee chooses to remain in the employer's employ after being advised of that change, the employee is deemed to have acquiesced to the new terms of employment and cannot later claim compensation based on the terms of the original contract.'"); Berzin v. W.P. Carey & Co., 293 A.D.2d 320, 320-21 (1st Dep't 2002) (no breach where "[t]he parties entered into a written employment agreement that . . . could be terminated by defendant with or without cause" and defendant subsequently "offered plaintiff the choice of either entering into a revised and less lucrative agreement or being immediately terminated."). Here, Plaintiff has failed to allege that any portion of the bonus accrued or was due and owing prior to her departure in September 2022.

C.    **Plaintiff Has No Viable NYLL Claims as a Matter of Well-Established Law**

Plaintiff's NYLL claims must be dismissed. First, Plaintiff cannot establish any NYLL wage claim for the bonus without a viable underlying breach of contract claim. Second, even if the breach of contract claim survived, Plaintiff cannot plead any viable NYLL claim for the bonus on these facts. Finally, Plaintiff has no claim for retaliation under the NYLL because Plaintiff has no substantive NYLL claims and has not identified any protected complaint premised on any NYLL violation.

1.    The Wage Claim Cannot Survive Independent of the Breach of
      Contract Claim

Plaintiff's failure to establish a viable breach of contract claim requires

the dismissal of the NYLL wage claim for failure to pay the bonus.  The "[f]ailure to

establish a contractual right to wages necessarily precludes a statutory claim under

New York's labor law."  Simas v. Merrill Corp., No. 02-CV-4400 (RCC), 2004 U.S.

Dist. LEXIS 1415, at *2 (S.D.N.Y. Feb. 4, 2004) (Duffy, J.); see O'Grady v.

BlueCrest Capital Mgmt. LLP, 646 F. App'x 2, 4 (2d Cir. 2016) (upholding dismissal

of NYLL claim because "[t]he failure of O'Grady's contract claim also necessarily

defeats his wage claim"); Karmilowicz v. Hartford Fin. Svc. Grp., 494 F. App'x 153,

158 (2d Cir. 2012) ("the District Court properly dismissed Karmilowciz's claims under

[the NYLL], because a plaintiff 'cannot assert a statutory claim for wages under the

Labor Law if he has no enforceable contractual right to those wages.'"); Zaitsev v.

Salomon Bros., 60 F.3d 1001, 1004 (2d Cir. 1995) ("Because Zaitsev can prove no

contract that will satisfy the Statute of Frauds, his claim of unpaid wages under New

York Labor Law § 190 et seq. was properly dismissed.").  Here, Plaintiff has no viable

breach of contract claim for failure to pay the bonus, and therefore Plaintiff has no

viable NYLL claim for failure to pay the bonus.

2.    Plaintiff's NYLL Wage Claim is Deficient as a Matter of Law

Even if Plaintiff's breach of contract claim were to survive, Plaintiff has

no actionable claims for "wage theft" under any operative provision of the NYLL, as

set forth in Article 6 (§ 190 et. seq.).  See Pachter v. Bernard Hodes Group, Inc., 10

N.Y.3d 609, 614 (N.Y. 2008) ("Article 6 of the Labor Law regulates the payment of

wages by employers."). "Like the FLSA, Article 6 of the NYLL is targeted at specific practices and provides no general cause of action for unpaid wages. . . . 'statutory remedies are unavailable where . . . the claim for unpaid work is a common-law contractual remuneration claim and no substantive violation' of the law's provisions is alleged." Ayres, 2021 U.S. Dist. LEXIS 148029, at *2-3.

Although the Complaint does not specify the statutory basis for the NYLL wage theft claim (Compl. ¶¶ 47-53), the only two provisions that could provide relief are §§ 191 and 193. See Jensen v. AR Global Invs., LLC, No. 19-CV-657 (RA), 2020 U.S. Dist LEXIS 49255, at *12 (S.D.N.Y. Mar. 20, 2020) (Abrams, J.) ("although Plaintiff cites" a variety of NYLL provisions, "only Section 193 provides for an independent cause of action"); Chen v. Antel Communs., LLC, No. 140-CV-06628 (SJF), 2015 U.S. Dist. LEXIS 134861, at *16 (E.D.N.Y. Sep. 30, 2015) (addressing the applicability of § 191 to wage non-payment claims); see also Ayres, 2021 U.S. Dist. LEXIS 148029, at *3; Goldberg v. Jacquet, 667 Fed. Appx. 313, 314, 314 n.1 (2d Cir. 2016); Gold v. Am. Med. Alert Corp., No. 14 Civ. 5485 (JFK), 2015 U.S. Dist. LEXIS 108122, at *5 (S.D.N.Y. Aug. 17, 2015) (Keenan, J.) (all identifying NYLL §§ 191 and 193 as the only recourse for failure to pay wages).

The statutory text and governing case law make clear that Plaintiff cannot obtain relief under either provision. Section 191 provides a cause of action for unpaid wages, but excludes claims by "executives," such as Plaintiff. See infra pages 19-20. As set forth in Plaintiff's Offer Letter, Plaintiff was a Senior Vice President with a base salary of $310,000. Section 193 applies to improper

deductions, but not withheld wages, which are governed by § 191.  See Goldberg, 667 Fed Appx at 314, 314 n.1 ("although [plaintiff] did not receive wages to which he was entitled, his wages were not reduced in the manner prohibited by NYLL § 193;" "[w]holesale withholding of wages is covered by NYLL § 191, which the parties agree does not apply to the plaintiff because he was an executive and therefore exempt from this provision."); Stec v. Passport Brands, Inc., No. 152069/2014, 2018 N.Y. Misc. LEXIS 3620 (N.Y. Sup. Ct. Aug. 22, 2018) (no NYLL remedy for non-payment of wages; "[i]t is settled that [§ 191] does not apply to executives. . . . [t]o permit [ ] a former executive [ ] to recover unpaid wages under section 193 would create an exception that would effectively swallow the limitation in section 191 as to the categories of workers authorized to sue for unpaid wages.").

a)    Section 193 is Inapplicable Because there is No Improper Deduction

Plaintiff has no viable claim under § 193 because Plaintiff does not allege any improper deduction.  Rather, Plaintiff contends that she "was promised wages in the form of a nondiscretionary bonus" and "was not paid wages owed to her."  Compl. ¶¶ 50, 52.  See Gold, 2015 U.S. Dist. LEXIS 108122, at *5-6 ("total withholding of wages . . . is the essence of a breach of contract claim," whereas "Section 193 requires something more:    a specific instance of docking the employee's pay"); Perella Weinberg Partners LLC v. Kramer, 153 A.D.3d 443, 449 (1st Dep't 2017) ("wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193").

15

The case law in this District makes clear that allegations of wholesale withholding do not establish a claim under § 193 and provide a basis for dismissal under Rule 12(b)(6).  See, e.g., Zuckerman v. GW Acquisition LLC, No. 20-CV-8742 (VEC), 2021 U.S. Dist. LEXIS 178873, at *38-39 (S.D.N.Y. Sep. 19, 2021) (Caproni, J.) ("Plaintiff . . . . is alleging a 'failure to pay' claim, not a wrongful deduction claim. . . . "section 193 'has nothing to do with failure to pay'"); Komlossy v. Faruqi & Faruqi, LLP, No. 15 Civ. 9316 (KPF), 2017 U.S. Dist. LEXIS 25490, at *36 (S.D.N.Y. 2017) (Failla, J.) ("Defendants' nonpayment constitutes a failure to pay the wage, not a "deduction" of the wage in violation of § 193"); O'Grady v BlueCrest Capital Mgt. LLP, 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015) (Stein, J.) ("O'Grady's section 193 claim fails because section 193 applies to amounts deducted from wages, not unpaid wages and severance, which is alleged here."), aff'd 646 F. App'x 2, 4 (2d Cir. 2016); Monagle v. Scholastic, Inc., No. 06-Civ-14342 (GEL), 2007 U.S. Dist. LEXIS 19788, at *2 (S.D.N.Y. Mar. 9, 2007) (Lynch, J.) ("Section 193 has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages.").

        b)       Plaintiff is Not Entitled to Relief under § 191 Because She is an Executive

Section 191 does not apply because Plaintiff is an "executive."  See NYLL § 191; § 190(7) (excluding from the definition of "other worker" in § 191 "any person employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of nine hundred dollars a week"); Pachter, 10 N.Y.3d at 616 ("employees serving in an executive, managerial or administrative capacity

16

do not fall under section 191 of the Labor Law"). Plaintiff concedes that she served as "Senior Vice President" (Compl. ¶ 7), and the Offer Letter indicates that Plaintiff would receive a base salary of $310,000 and that "[a] promotion to Chief Operating Officer will be considered after the first year of employment." See Ex. A.

The case law confirms that Elia — a "Senior Vice President" with potential promotion to "Chief Operating Officer" with a base salary of $310,000 — qualifies as an executive under § 191. See Ayres, 2021 U.S. Dist. LEXIS 148029, at *3 (no viable § 191 claim where plaintiff "alleged that she worked as the COO and Corporate Secretary of the firm and that her base salary alone amounts to $350,000 per year"); Chen, 2015 U.S. Dist. LEXIS 134861, at *16 ("Plaintiff's [§ 191] claim . . . fails because, as a vice-president, plaintiff was not covered by these provisions."); Franklin v. Waters, No. 15 Civ. 9819 (AKH), 2020 U.S. Dist. LEXIS 500, at *3 (S.D.N.Y. Jan 2, 2020) (Hellerstein, J.) (denying § 191 claim where "Plaintiff was employed as a 'Vice President' and later a 'Director' and was paid a base salary of $155,000 per year"). Accordingly, Plaintiff has no viable NYLL claims predicated on Gazit's failure to pay the bonus.

3.   Plaintiff's NYLL Retaliation Claim is Deficient as a Matter of Law

To survive a motion to dismiss for failure to state an NYLL retaliation claim, "[a] plaintiff must allege that he or she complained about a specific violation of the Labor Law[.]" Epifani v. Johnson, 65 A.D.3d 224, 236 (2d Dep't 2009). Where a plaintiff fails to state with specificity which specific NYLL provision the employer violated, New York courts will dismiss the claim for failure to state a cause

17

of action.  See id.; see Nicholls v. Brookdale Univ. Hosp. Med. Ctr., No. 03-CV-6233 (JBW), 2004 U.S. Dist. LEXIS 12816, at *13 (E.D.N.Y. July 9, 2004) (dismissing NYLL retaliation claim as plaintiff failed to state "what alleged violation of New York's Labor Law triggered plaintiff's claim under Section 215"); accord Mack v. Transport Workers Union of Amer., No. 00 Civ. 9231 (JSR), 2002 U.S. Dist. LEXIS 5627, *5 (S.D.N.Y. Mar. 29, 2002) (Rakoff, J.) ("As to her supposed claims under the New York Labor Law, plaintiff has failed even to specify which sections of that law she claims to apply").  Here, the Complaint makes clear that Plaintiff did not complain to Defendant about any specific NYLL violation.

Furthermore, as set forth above, Plaintiff cannot assert any substantive NYLL violations, providing an additional basis to dismiss the retaliation claim.  See Hallett, 481 F. Supp. 3d at 311-12 (dismissing NYLL retaliation claim based on failure to allege substantive NYLL claim; "Hallett only alleges that he complained about one violation of New York Labor Law:  the failure to provide him with, or make payments. . . . [b]ut the Court has already concluded that Hallett has failed plausibly to allege that [ ] payments constitute wages under Section 193.  Therefore, Hallett has not stated a claim for retaliation."); see Epifani, 65 A.D.3d at 236 (identifying that "the Labor Law does not contain any provisions governing overtime compensation" and finding that to the extent that a cause of action "is premised upon complaints pertaining to [ ] failure to pay [ ] for overtime," it "cannot support a cause of action pursuant to Labor Law § 215.").  Accordingly, Plaintiff's NYLL retaliation claim must be dismissed.

D.    **Plaintiff Has No Viable NYCHRL Retaliation Claim**

Plaintiff cannot set forth a prima facie claim of retaliation because (i) she does not allege any protected activity and (ii) even if Plaintiff did allege protected activity, the Complaint makes clear that the adverse employment action preceded the protected activity.  See Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 140-41 (1st Dep't 2012) ("a plaintiff must make out a prima facie case that:  (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action that disadvantaged plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action.").

1.    Plaintiff Does Not Allege Protected Activity

Plaintiff's NYCHRL retaliation claim fails because Plaintiff fails to allege that she opposed or complained about any unlawful discrimination.  See Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 313 (N.Y. 2004) (defining protected activity as conduct "opposing or complaining about unlawful discrimination"); NYC Administrative Code § 8-107(7) ("[i]t shall be an unlawful discriminatory practice for any [ ] to retaliate [ ] against any person because such person has [ ] opposed any practice forbidden under this chapter") (emphasis added).

Plaintiff's claim is premised on the allegation that "Plaintiff was terminated almost immediately after disclosing her status as a caregiver for minor children."  Compl. ¶ 74.  Plaintiff does not allege that she opposed unlawful discrimination.  Rather, Plaintiff alleges that Gazit retaliated against her after learning of her status as a caregiver.  See Vega v. Hempstead Union Free Sch. Dist., 801

19

F.3d 72, 91 (2d Cir. 2015) ("Retaliation occurs when an employer takes action against an employee *not because of his ethnicity*, but because he engaged in protected activity") (emphasis added).

Plaintiff's failure to allege opposition to unlawful discrimination is fatal to her claim.  See Buchanan v. City of New York, 556 F. Supp. 3d 346, 366-69 (S.D.N.Y. 2021) (Stein, J.) (dismissing NYCHRL retaliation claim where plaintiffs failed to plead that they "expressed any form of opposition to [ ] perceived discrimination"); Beverly v. New York City Health & Hosps. Corp., No. 18 Civ. 8486, 2022 U.S. Dist. LEXIS 52827, at *20 (S.D.N.Y. Mar. 23, 2022) (Ramos, J.) (dismissing NYCHRL retaliation claim; "based on Beverley's allegations, it is not clear that she complained about being treated differently because of . . . any [ ] protected status"); Cruz v. Coach Stores, Inc., 202 F. 3d 560, 566 (2d Cir. 2000) (affirming dismissal of Title VII retaliation claim; "Cruz did not make out a prima facie case of retaliation because she did not claim to have engaged in any 'protected activity'. . . . [s]lapping one's harasser . . . is not a protected activity.").

2.    There is No Causal Connection Between the Protected Activity and the Retaliatory Conduct

Even if Plaintiff could establish protected activity, Plaintiff's retaliation claim fails because the Complaint makes clear that the alleged retaliatory action preceded Plaintiff's disclosure of her status as a caregiver.  Plaintiff confirms that the Company informed her of her termination on August 16, 2022 but offered her the option to relocate to Miami or finish out the year in New York.  Compl. ¶ 13. Plaintiff alleges that after that discussion, she revealed her status as a caregiver,

20

leading Mooallem to take the Miami option off the table (an option Plaintiff had already allegedly rejected).  Id. at ¶¶ 14-16.   Accordingly, Plaintiff's NYCHRL retaliation claim must be dismissed.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated: New York, New York
        January 25, 2023

                    PADUANO & WEINTRAUB LLP


                    By: /s/ Noah H. Bunzl
                        Meredith Cavallaro
                        Noah H. Bunzl
                    1251 Avenue of the Americas
                    Ninth Floor
                    New York, New York 10020
                    (212) 785-9100
                    mc@pwlawyers.com
                    nhb@pwlawyers.com

                    Attorneys for Defendant Gazit Horizons, Inc.

21